DISCIPLINARY COUNSEL *v*. CURRY.

[Cite as *Disciplinary Counsel v. Curry*, 112 Ohio St.3d 130, 2006-Ohio-6517.]

*Attorneys — Misconduct — Conduct adversely reflecting on fitness to practice law — Failure to cooperate in a disciplinary investigation — One-year suspension with reinstatement conditioned.*

(No. 2006-1178 — Submitted September 20, 2006 — Decided December 27, 2006.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 05-070.

_____

**Per Curiam**.

{¶ 1} Respondent, Charles Eric Curry, last known address in Youngstown, Ohio, Attorney Registration No. 0062864, was admitted to the practice of law in Ohio in 1994. On November 8, 2004, we suspended respondent's license to practice for an interim period, pursuant to Gov.Bar R. V(5)(A)(4), upon notice that he had been adjudicated in default of a support order for one of his children. See *In re Curry*, 103 Ohio St.3d 1521, 2004-Ohio-5853, 817 N.E.2d 405. On July 11, 2005, we issued a second interim suspension order, also pursuant to Gov.Bar R. V(5)(A)(4), upon notice that respondent had been adjudicated in default of a support order for a second child. See *In re Curry*, 106 Ohio St.3d 1454, 2005-Ohio-3493, 830 N.E.2d 1163.

{¶ 2} On August 8, 2005, relator, Disciplinary Counsel, charged respondent with two counts of professional misconduct, both involving his failure to pay child support as ordered and his failure to respond to inquiries during relator's investigation of this misconduct. Relator attempted to serve respondent with the complaint by certified mail at the residence and business addresses on

file for him with the Attorney Registration Section. Respondent had earlier signed a certified receipt for a letter of inquiry at one of these addresses. These attempts failed, and relator perfected service on respondent through the Clerk of the Supreme Court, who is deemed the agent for service of notice for nonresident attorneys and those who have concealed their whereabouts. Gov.Bar R. V(11)(B).

{¶ 3} Respondent did not answer the complaint, and relator moved for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the Commissioners on Grievances and Discipline granted the motion, making findings of misconduct and recommending a sanction. The board adopted the master commissioner's findings of fact, conclusions of law, and recommendation.

Misconduct

{¶ 4} Relator's complaint charged that respondent's failure to comply with the two support orders violated DR 1-102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law) and that he had also violated Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in a disciplinary investigation).

{¶ 5} As to Count I, evidence established that on September 15, 2004, the Mahoning County Child Support Enforcement Agency ("MCCSEA") issued a Notice to Obligor of Default and Potential Action regarding respondent's failure to pay child support for his child. The notice certified an arrearage of $33,337.67 and established a current child-support obligation of $465 per month.

{¶ 6} Respondent has not submitted to the board (1) a certified copy of a judgment entry reversing the determination of default as to his child-support obligation, (2) a notice from a court or child-support enforcement agency that respondent is no longer in default of the child-support order, or (3) a notice from a court or child-support enforcement agency that respondent is in compliance with a withholding or deduction notice to collect current support or any arrearage due

2

under the child-support order that was in default. Gov.Bar R. V(5)(D)(1)(b) and (c). The board thus concluded that respondent remained in default of his child-support obligation and that he had violated DR 1-102(A)(6).

{¶ 7} On November 23, 2004, following up on our interim suspension order of November 8, 2004, relator sent a certified letter to respondent's business address, as on file with the Attorney Registration Section, inquiring about his default on the child-support payments. Respondent received the letter but did not reply. On January 6, 2005, relator's counsel spoke with respondent regarding his failure to respond, and respondent promised to cooperate and respond to the letter of inquiry within two weeks. He did not respond. On January 25, 2005, relator sent another certified letter urging respondent's reply to his residence address as on file with the Attorney Registration Section. Respondent received the letter on January 28, 2005, but did not reply.

{¶ 8} The board found that respondent had thereby violated Gov.Bar R. (V)(4)(G).

{¶ 9} As to Count II, evidence established that on March 9, 2005, MCCSEA issued a Notice to Obligor of Default and Potential Action regarding respondent's failure to pay child support for a second child. The notice certified an arrearage of $55,447.31 and established a current child-support obligation of $678.89 per month as of October 17, 2003.

{¶ 10} Respondent has not submitted to the board (1) a certified copy of a judgment entry reversing the determination of default as to his child-support obligation, (2) a notice from a court or child-support enforcement agency that respondent is no longer in default of the child-support order, or (3) a notice from a court or child-support enforcement agency that respondent is in compliance with a withholding or deduction notice to collect current support or any arrearage due under the child-support order that was in default. Gov.Bar R. V(5)(D)(1)(b) and

(c). The board thus concluded that respondent remained in default of his child-support obligation and that he had violated DR 1-102(A)(6).

{¶ 11} On February 23, 2005, following up on our interim suspension order of July 11, 2005, relator sent a certified letter to respondent's residence address inquiring about his default on this child-support order. Respondent received the letter but did not reply. On April 5, 2005, relator sent a second certified letter of inquiry to respondent's residence address. Respondent received the letter but did not reply.

{¶ 12} The board found that respondent had thereby violated Gov.Bar R. V(4)(G).

Recommended Sanction

{¶ 13} In recommending a sanction for respondent's misconduct, the board weighed the aggravating and mitigating factors of his case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 14} In aggravation, the board found that respondent had acted with a dishonest or selfish motive, that he had engaged in more than one offense representing a pattern of misconduct, and that he had not properly participated in the disciplinary process. BCGD Proc.Reg. 10(B)(1)(b), (c), (d), and (e). Moreover, respondent failed to acknowledge the wrongful nature of his conduct, had harmed vulnerable victims, and had not made restitution. BCGD Proc.Reg. 10(B)(1)(g), (h), and (i). The board further noted that respondent's license had also been under suspension since December 2, 2005, for his failure to register with the Attorney Registration Section for the biennium commencing September 1, 2005. See *In re Attorney Registration Suspension,* 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671.

**{¶ 15}** In mitigation, the board noted that respondent had no record of disciplinary measures for having violated the Disciplinary Rules in the course of his practice and representing clients. BCGD Proc.Reg. 10(B)(2)(a). Also in mitigation, the board learned that respondent was age 40 in 1994 when he was admitted to the Ohio bar, and that he had spent the preceding approximately ten years pursuing his law degree while working in other employment. Respondent was apparently able to keep up with his child-support obligations during this period but had difficulty doing so once he entered the legal field.

**{¶ 16}** Because of his reduced earnings, respondent tried to have his child-support payments lowered, but he was not successful. The Mahoning County Juvenile Court ruled that respondent's income had fallen based on a voluntary career change and that the decrease therefore did not warrant modification. Thereafter, the court determined respondent's child-support payments by imputing his former salary to him and averaging his income.

**{¶ 17}** Relator reported in its motion for default that respondent may have started making small payments toward his child-support obligation relative to Count II. No notice sufficient for his reinstatement from either interim suspension, however, has been filed with this court.

**{¶ 18}** Relator also advised that this court has not previously imposed a disciplinary sanction solely for a lawyer's failure to pay child support and lack of cooperation in a disciplinary investigation. Relator cites *People v. Spalsbury* (Colo.2005), 111 P.3d 1052, in which the Supreme Court of Colorado found that an attorney's failure to comply with court-ordered child support warranted a suspension from the practice of law for one year and one day. The attorney in *Spalsbury* filed a response to the allegations but also did not appear at a hearing on sanctions and offered no mitigating evidence.

**{¶ 19}** Relator has suggested that respondent receive a similar sanction — a one-year suspension with any reinstatement to be conditioned on his compliance

with the interim suspension orders issued in 2004 and 2005. The master commissioner agreed that a one-year suspension with conditional reinstatement was appropriate. Adopting the master commissioner's report, the board also recommended a one-year suspension with conditions for reinstatement.

Review

{¶ 20} We agree that respondent violated DR 1-102(A)(6) as found by the board. We further agree that the recommended sanction is appropriate.

{¶ 21} The essence of this case is that respondent failed to comply with court-ordered child support and presented nothing in the way of extenuating circumstances to explain why he could not do so. The master commissioner aptly summarized respondent's failings:

{¶ 22} "While Respondent's initial accumulation of child support arrearages may have resulted from a temporary decrease in the Respondent's available income as the result of his change of employment which offered a potential for greater long range earnings, he has failed to adequately address his obligations to at least two of his children for the last 12 years while he has held his professional license to practice law. Furthermore, he has failed to come forward in these proceedings to offer any evidence in mitigation of a sanction to be imposed in these proceedings, and he not only has failed to cooperate in the disciplinary investigation, but has also misrepresented to Relator his intention to do so."

{¶ 23} Respondent is therefore suspended from the practice of law in Ohio for a period of one year, with no credit for his interim suspension, and with any reinstatement to be on the condition that he proves compliance with all requirements imposed in our interim suspension order. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, O'CONNOR and O'DONNELL, JJ., concur.

LUNDBERG STRATTON and LANZINGER, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 24} For the reasons stated in my dissenting opinion in *Disciplinary Counsel v. Geer,* 112 Ohio St.3d 124, 2006-Ohio-6516, 858 N.E.2d 388, I dissent and would leave respondent's sanction as an interim suspension, rather than a finite suspension. As soon as respondent becomes current on his arrearage and current on his child-support obligations, I would allow him to provide proof of doing so and permit him to apply to be reinstated on the condition that he proves compliance with all the requirements imposed in this court's interim suspension order. In so doing, respondent would be able to more quickly return to the practice of law and be able to earn a living and better provide for his children. I respectfully dissent.

LANZINGER, J., concurs in the foregoing opinion.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

_____