[Cite as *Disciplinary Counsel v. Geer*, 112 Ohio St.3d 124, 2006-Ohio-6516.]

DISCIPLINARY COUNSEL *v.* GEER.

[Cite as *Disciplinary Counsel v. Geer*, 112 Ohio St.3d 124, 2006-Ohio-6516.]

*Attorneys – Misconduct — Conduct adversely reflecting on fitness to practice law — Failure to cooperate in a disciplinary investigation — Attorney in default of child-support order — One-year suspension with conditions for reinstatement.*

(No. 2006-1177 — Submitted September 20, 2006 — Decided December 27, 2006.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 05-072.

_____

**Per Curiam**.

{¶ 1} Respondent, Thomas Lee Geer, last known address in New Castle, Pennsylvania, Attorney Registration No. 0011038, was admitted to the practice of law in Ohio in 1982. On January 24, 2005, we suspended respondent's license for an interim period, pursuant to Gov.Bar R. V(5)(A)(4), upon notice that he had been adjudicated in default of a child-support order. *In re Geer*, 104 Ohio St.3d 1454, 2005-Ohio-235, 821 N.E.2d 572.

{¶ 2} On August 8, 2005, relator, Disciplinary Counsel, charged respondent with two counts of professional misconduct: the first for his failure to comply with a child-support order; the second for his failure to respond during relator's investigation of this misconduct. Relator attempted to serve respondent with the complaint by certified mail at the address on file with the Attorney Registration Section for him and where he had earlier signed a certified receipt for a letter of inquiry. The mailing was returned unclaimed. Relator then perfected service of the complaint on the Clerk of the Supreme Court, who is deemed the

agent for service of notices for nonresident attorneys and attorneys who have "concealed their whereabouts." Gov.Bar R. V(11)(B).

**{¶ 3}** Respondent did not answer the complaint, and relator moved for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion and made findings of misconduct and recommended a sanction. The board adopted the master commissioner's findings of fact, conclusions of law, and recommendation.

Misconduct

*Count I – The Child-Support Obligation*

**{¶ 4}** Pursuant to a decree of dissolution of marriage entered in the Franklin County Court of Common Pleas, Domestic Relations Division, respondent was ordered to pay $3,000 per month in child support and $5,000 per year in spousal support. On October 22, 2004, the Franklin County Child Support Enforcement Agency ("FCCSEA") issued a Notice to Obligor of Default and Potential Action certifying an arrearage in excess of $319,900 and establishing a current child-support obligation of $3,000 per month and an arrearage payment of $300 per month.

**{¶ 5}** On October 28, 2005, FCCSEA advised relator of respondent's child-support arrearage. At about the same time, respondent asked for an administrative hearing before the FCCSEA. On January 31, 2006, after an administrative termination hearing, the common pleas court adopted an FCCSEA decision establishing (1) respondent's child-support and spousal-support arrearage of $396,959.48 as of August 31, 2005, (2) a current child-support obligation of $2,000 per month for his two youngest children, which accounted for the emancipation of his oldest child, (3) an additional $1,300 per month obligation to pay for past-due child support, and (4) an ongoing spousal-support obligation of $416.67 per month.

{¶ 6} In the meantime, FCCSEA initiated proceedings to register the support order in Lawrence County, Pennsylvania, where respondent resided. Respondent contested the registration of the order. On November 15, 2005, the Lawrence County Common Pleas Court entered an order finding that it had jurisdiction over the matter and authority under 23 Pa.Con.Stat.Ann. 7305 to "determine the amount of arrearage, specify the payments and grant any other relief." In the succeeding six months, the court issued various orders to collect ordered child support, including orders to attach respondent's income from his law practice and to freeze account assets.

{¶ 7} Respondent has not filed with the board (1) a certified copy of a judgment entry reversing the determination of default as to his child-support obligation, (2) a notice from a court or child-support enforcement agency that respondent is no longer in default of a child-support order, or (3) a notice from a court or child-support enforcement agency that respondent is in compliance with a withholding or deduction notice to collect current support or any arrearage due under the child-support order that was in default. Gov.Bar R. V(5)(D)(1)(b) and (c). The board thus concluded that the interim child-support-default suspension imposed on January 24, 2005, remained in effect and that respondent remained in default of his child-support obligation. The board found that respondent had thereby violated DR 1-102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law).

*Count II - Failure to Respond to Investigative Inquiries*

{¶ 8} On February 14, 2005, relator sent a letter to respondent at his last known address, inquiring as to the status of his compliance with his child-support obligation. Respondent did not reply. Relator sent a second letter of inquiry to respondent at the same address on March 17, 2005. Respondent signed the certified mail receipt, but still did not reply. On July 18, 2005, relator sent a

notice of relator's intent to file the instant complaint and invited a response. Respondent did not reply.

{¶ 9} The board found that respondent had thereby violated Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in an investigation of professional misconduct).

Recommended Sanction

{¶ 10} In recommending a sanction for respondent's misconduct, the board weighed the aggravating and mitigating factors of his case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 11} As aggravating factors, the board found that respondent's misconduct was motivated by selfishness, that he had failed to cooperate in any of the disciplinary proceedings, that he had refused to acknowledge the wrongful nature of his conduct, that he had caused great financial harm to vulnerable victims – his children, and that he had failed to make restitution. BCGD Proc.Reg. 10(B)(1)(b), (e), (g), (h), and (i).

{¶ 12} In mitigation, the board noted that respondent had no disciplinary record other than his interim suspension for defaulting on child support. He had, however, been suspended from practicing law since December 5, 2005, for failing to register as an attorney, as required by Gov.Bar R.VI(1)(A), for the biennium beginning on September 1, 2005. See *In re Attorney Registration Suspension,* 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671.

{¶ 13} Based on respondent's considerable failure to meet his financial obligations to his children, his failure to cooperate with disciplinary authorities, and his failure to provide any explanation or mitigating circumstances for his conduct, relator advocated respondent's indefinite suspension from the practice of law. The master commissioner rejected this sanction, recommending instead the

sanction he had urged in another case of a lawyer's failure to comply with his child-support obligations. See *Disciplinary Counsel v. Curry*, 112 Ohio St.3d 130, 2006-Ohio-6517, 858 N.E.2d 392. Declining to distinguish these cases on the basis that respondent's child-support arrearage was so much larger than the arrearage in *Curry*, the master commissioner recommended that respondent be suspended from the practice of law for a period of one year, with no credit for his interim suspension and with any reinstatement to be on the condition that he proves compliance with all of the requirements imposed in the interim suspension order.

Review

{¶ 14} We agree that respondent violated DR 1-102(A)(6) and Gov.Bar R. V(4)(G), as found by the board. We also agree that the recommended sanction is appropriate.

{¶ 15} Respondent is therefore suspended from the practice of law in Ohio for a period of one year, with no credit for his interim suspension and with any reinstatement to be on the condition that he proves compliance with all requirements imposed in our interim suspension order. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, O'CONNOR and O'DONNELL, JJ., concur.

LUNDBERG STRATTON and LANZINGER, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 16} I respectfully dissent. This is a matter of first impression for this court. Pursuant to Gov.Bar R. V, this court has determined that a failure to pay child support is lawyer misconduct warranting discipline. Gov.Bar R. V(5) provides:

{¶ 17} "(A)(1) Interim Suspension. A justice, judge, or an attorney admitted to the practice of law in Ohio shall be subject to an interim suspension under either of the following circumstances:

{¶ 18} "* * *

{¶ 19} "(b) A final and enforceable determination has been made pursuant to Chapter 3123. of the Revised Code that the justice, judge, or attorney is in default under a child support order."

{¶ 20} On December 16, 2004, pursuant to Gov.Bar R. V(5)(A), the Secretary of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio submitted to this court a certified copy of a determination of default of a child-support order by respondent. On January 24, 2005, this court suspended respondent from the practice of law for an interim period. This court further ordered that respondent "shall not be reinstated to the practice of law until (1) the Board of Commissioners on Grievances and Discipline files in accordance with Gov.Bar R. V(5)(D)(1)(b) with the Supreme Court a certified copy of a judgment entry reversing the determination of default under a child support order, or it files in accordance with Gov.Bar R. V(5)(D)(1)(c) with the Supreme Court a notice from a court or child support enforcement agency that respondent is no longer in default under a child support order or is subject to a withholding or deduction notice or a new or modified child support order to collect current support or any arrearage due under the child support order that was in default and is complying with that notice or order, and (1) this court orders respondent reinstated to the practice of law."

{¶ 21} This process disciplines an attorney for his or her failure to comply with a court order, yet allows a cure upon proof that the respondent has complied with the court order either by satisfaction of the arrearages or by a withholding arrangement. Until then, the attorney remains suspended.

**{¶ 22}** In this case of first impression, on August 8, 2005, relator, Disciplinary Counsel, charged respondent with two counts of professional misconduct: the first for his failure to comply with a child-support order, and the second for his failure to respond during relator's investigation of this misconduct. The board concluded that the interim child-support-default suspension imposed on January 24, 2005, remained in effect and that respondent remained in default of his child-support obligation. Therefore, the board found that respondent had violated DR 1-102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law).

**{¶ 23}** The majority concluded that respondent violated DR 1-102(A)(6) and Gov.Bar R. V(4)(G), as found by the board. The majority therefore suspended respondent from the practice of law for a period of one year, with no credit for his interim suspension and with any reinstatement to be on the condition that he proves compliance with all requirements imposed in our interim suspension order.

**{¶ 24}** I am concerned that a finite term of suspension on top of his interim suspension reduces respondent's ability to earn a living, thereby diminishing his ability to support his children in the long run. Respondent is already under an interim suspension pursuant to this court's January 24, 2005 order. Therefore, respondent is already being sanctioned. I would continue respondent's interim suspension as previously ordered by this court. We need not do anything further, as respondent is already suspended from the practice of law. There is no need for relator to spend precious resources on investigating and prosecuting this second case against respondent to accomplish what has already happened.

**{¶ 25}** I believe this added discipline accomplishes nothing and, in the long run, potentially harms the victims, the children, to whom child support is owed. Under an interim suspension, if respondent is able to get a loan or secure

other resources to bring his arrearages current (or obtain a satisfactory garnishment of his wages to lift the default), then he may come into compliance with his child-support obligations and apply to be reinstated; the children then benefit. Under the majority's new sanction, respondent no longer has any motivation for paying his arrearages promptly. Not only has his livelihood been cut off, so that he might not be able to repay a loan, but so has the possibility of a satisfactory garnishment to lift the default. The children are the ones really punished.

{¶ 26} And what now happens when respondent fails to comply? Do we reimpose an interim suspension, or do we investigate, prosecute, and apply another form of suspension? It gains nothing. I believe we should only continue the interim suspension — a penalty with built-in incentives to satisfy the arrearage. As soon as respondent's arrearages are paid, I would allow him to provide proof of the payment, and permit him to apply to be reinstated on the condition that he proves compliance with all the requirements imposed in this court's interim suspension order. In so doing, respondent would be able to more quickly return to the practice of law and be able to earn a living and better provide for his children. If respondent continued not to comply, he would remain suspended. I respectfully dissent.

LANZINGER, J., concurs in the foregoing opinion.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.

_____