Per Curiam.
{¶ 1} Respondent, Thomas Lee Geer, last known address in New Castle, Pennsylvania, Attorney Registration No. 0011038, was admitted to the practice of law in Ohio in 1982. On January 24, 2005, we suspended respondent’s license for an interim period, pursuant to Gov.Bar R. V(5)(A)(4), upon notice that he had been adjudicated in default of a child-support order. In re Geer, 104 Ohio St.3d 1454, 2005-Ohio-235, 821 N.E.2d 572.
{¶ 2} On August 8, 2005, relator, Disciplinary Counsel, charged respondent with two counts of professional misconduct: the first for his failure to comply with a child-support order; the second for his failure to respond during relator’s investigation of this misconduct. Relator attempted to serve respondent with the complaint by certified mail at the address on file with the Attorney Registration Section for him and where he had earlier signed a certified receipt for a letter of *125 inquiry. The mailing was returned unclaimed. Relator then perfected service of the complaint on the Clerk of the Supreme Court, who is deemed the agent for service of notices for nonresident attorneys and attorneys who have “concealed their whereabouts.” Gov.Bar R. V(11)(B).
{¶ 3} Respondent did not answer the complaint, and relator moved for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion and made findings of misconduct and recommended a sanction. The board adopted the master commissioner’s findings of fact, conclusions of law, and recommendation.
Misconduct
Count I — The Child-Support Obligation
{¶ 4} Pursuant to a decree of dissolution of marriage entered in the Franklin County Court of Common Pleas, Domestic Relations Division, respondent was ordered to pay $3,000 per month in child support and $5,000 per year in spousal support. On October 22, 2004, the Franklin County Child Support Enforcement Agency (“FCCSEA”) issued a Notice to Obligor of Default and Potential Action certifying an arrearage in excess of $319,900 and establishing a current child-support obligation of $3,000 per month and an arrearage payment of $300 per month.
{¶ 5} On October 28, 2005, FCCSEA advised relator of respondent’s child-support arrearage. At about the same time, respondent asked for an administrative hearing before the FCCSEA. On January 31, 2006, after an administrative termination hearing, the common pleas court adopted an FCCSEA decision establishing (1) respondent’s child-support and spousal-support arrearage of $396,959.48 as of August 31, 2005, (2) a current child-support obligation of $2,000 per month for his two youngest children, which accounted for the emancipation of his oldest child, (3) an additional $1,300 per month obligation to pay for past-due child support, and (4) an ongoing spousal-support obligation of $416.67 per month.
{¶ 6} In the meantime, FCCSEA initiated proceedings to register the support order in Lawrence County, Pennsylvania, where respondent resided. Respondent contested the registration of the order. On November 15, 2005, the Lawrence County Common Pleas Court entered an order finding that it had jurisdiction over the matter and authority under 23 Pa.Con.Stat.Ann. 7305 to “determine the amount of arrearage, specify the payments and grant any other relief.” In the succeeding six months, the court issued various orders to collect ordered child support, including orders to attach respondent’s income from his law practice and to freeze account assets.
{¶ 7} Respondent has not filed with the board (1) a certified copy of a judgment entry reversing the determination of default as to his child-support *126 obligation, (2) a notice from a court or child-support enforcement agency that respondent is no longer in default of a child-support order, or (3) a notice from a court or child-support enforcement agency that respondent is in compliance with a withholding or deduction notice to collect current support or any arrearage due under the child-support order that was in default. Gov.Bar R. V(5)(D)(l)(b) and (c). The board thus concluded that the interim child-support-default suspension imposed on January 24, 2005, remained in effect and that respondent remained in default of his child-support obligation. The board found that respondent had thereby violated DR 1-102(A)(6) (prohibiting conduct that adversely reflects on a lawyer’s fitness to practice law).
Count II — Failure to Respond to Investigative Inquiries
{¶ 8} On February 14, 2005, relator sent a letter to respondent at his last known address, inquiring as to the status of his compliance with his child-support obligation. Respondent did not reply. Relator sent a second letter of inquiry to respondent at the same address on March 17, 2005. Respondent signed the certified mail receipt, but still did not reply. On July 18, 2005, relator sent a notice of relator’s intent to file the instant complaint and invited a response. Respondent did not reply.
{¶ 9} The board found that respondent had thereby violated Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in an investigation of professional misconduct).
Recommended Sanction
{¶ 10} In recommending a sanction for respondent’s misconduct, the board weighed the aggravating and mitigating factors of his case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline (“BCGD Proe.Reg.”).
{¶ 11} As aggravating factors, the board found that respondent’s misconduct was motivated by selfishness, that he had failed to cooperate in any of the disciplinary proceedings, that he had refused to acknowledge the wrongful nature of his conduct, that he had caused great financial harm to vulnerable victims — his children, and that he had failed to make restitution. BCGD Proc.Reg. 10(B)(1)(b), (e), (g), (h), and (i).
{¶ 12} In mitigation, the board noted that respondent had no disciplinary record other than his interim suspension for defaulting on child support. He had, however, been suspended from practicing law since December 5, 2005, for failing to register as an attorney, as required by Gov.Bar R. VI(1)(A), for the biennium beginning on September 1, 2005. See In re Attorney Registration Suspension, 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671.
*127 {¶ 13} Based on respondent’s considerable failure to meet his financial obligations to his children, his failure to cooperate with disciplinary authorities, and his failure to provide any explanation or mitigating circumstances for his conduct, relator advocated respondent’s indefinite suspension from the practice of law. The master commissioner rejected this sanction, recommending instead the sanction he had urged in another case of a lawyer’s failure to comply with his child-support obligations. See Disciplinary Counsel v. Curry, 112 Ohio St.3d 130, 2006-Ohio-6517, 858 N.E.2d 392. Declining to distinguish these cases on the basis that respondent’s child-support arrearage was so much larger than the arrearage in Curry, the master commissioner recommended that respondent be suspended from the practice of law for a period of one year, with no credit for his interim suspension and with any reinstatement to be on the condition that he proves compliance with all of the requirements imposed in the interim suspension order.
Review
{¶ 14} We agree that respondent violated DR 1-102(A)(6) and Gov.Bar R. V(4)(G), as found by the board. We also agree that the recommended sanction is appropriate.
{¶ 15} Respondent is therefore suspended from the practice of law in Ohio for a period of one year, with no credit for his interim suspension and with any reinstatement to be on the condition that he proves compliance with all requirements imposed in our interim suspension order. Costs are taxed to respondent.
Judgment accordingly.
Moyer, C.J., Resnick, Pfeifer, O’Connor and O’Donnell, JJ., concur.
Lundberg Stratton and Lanzinger, JJ., dissent.