601 So.2d 1174 (1992)
THE FLORIDA BAR, Complainant,
v.
Jerome L. TEPPS, Respondent.
No. 76468.
Supreme Court of Florida.
May 28, 1992.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Linda J. Amidon, Bar Counsel and Kevin P. Tynan, Co-Bar Counsel, Fort Lauderdale, for complainant.
Lewis A. Fishman of Lewis A. Fishman, P.A., Plantation, for respondent.
PER CURIAM.
Jerome L. Tepps, a member of The Florida Bar, seeks review of a referee's report finding him guilty of numerous disciplinary violations and recommending that he be disbarred. We have jurisdiction. Art. V, § 15, Fla. Const.
We are presented, for the first time, with the question of whether an order of suspension issued by the Securities and Exchange Commission (SEC) constitutes a final adjudication of discipline by a foreign jurisdiction under rule 3-4.6 of the Rules Regulating The Florida Bar. We hold that it does not.
The string of events culminating in the referee's recommendation to this Court that Tepps be disbarred began on January 12, 1988. On that date, the SEC filed a civil injunction action in federal district court against Tepps and his employee, Michael Goldstein, alleging violations of various sections of the Securities Act of 1933 and the Securities and Exchange Act of 1934. Tepps consented to the entry of a Final Judgment and Order of Permanent Injunction enjoining him from violating or aiding and abetting any violation of the securities laws. On October 25, 1989, the SEC suspended Tepps from practicing before the Commission for a period of five years. Because Tepps consented to the entry of the permanent injunction in the civil action, it was presumed that he had been enjoined by reason of the misconduct alleged in the SEC's complaint. Rule 2(e)(3)(iv) of the SEC's Rules of Practice, 17 C.F.R. § 201.2(e)(3)(iv) (1991).
On August 13, 1990, The Florida Bar filed a two-count complaint against Tepps alleging that the presumed misconduct resulting in the suspension order constituted violations of Rules Regulating The Florida Bar 3-4.3 (misconduct and minor misconduct), 4-4.1 (truthfulness in statements to others), 4-8.4(a) (a lawyer shall not violate a disciplinary rule), and 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).
After the referee was appointed, the Bar filed a motion to limit the proceedings to the issue of discipline. In its motion, the Bar took the position that, pursuant to rule 3-4.6 of the Rules Regulating The Florida Bar, the opinion and order of the SEC suspending Tepps served as "conclusive proof" of the misconduct charged in the Bar's complaint. Rule 3-4.6 provides:
A final adjudication in a disciplinary proceeding by a court or other authorized disciplinary agency of another jurisdiction, state or federal, that an attorney licensed to practice in that jurisdiction is *1175 guilty of misconduct justifying disciplinary action shall be considered as conclusive proof of such misconduct in a disciplinary proceeding under this rule.
Relying on this provision, the referee granted the motion to limit the proceedings.
After the hearing on discipline, the referee adopted the final judgment of permanent injunction and the SEC's final opinion and order suspending Tepps. The referee found that: 1) from at least January 1986 to 1988, Tepps participated in an ongoing securities fraud through the preparation of fraudulent SEC registration-form statements, which contained untrue statements of material facts, and omitted material facts; and 2) from at least January 1986 to April 1988, Tepps filed registration-form statements and amendments without authorized signatures, and in some instances, without the authority of the purported signatories, in an ongoing securities fraud. Based on these findings, the referee found Tepps guilty of the misconduct charged and recommended that he be disbarred. Tepps challenges the referee's report, maintaining that he is entitled to a full evidentiary hearing on the issue of guilt. We agree.
The SEC is not "a court or other authorized disciplinary agency of another jurisdiction" within the meaning of rule 3-4.6. It is a federal administrative agency empowered by the United States Congress to regulate all aspects of securities transactions. As part of its regulatory function, the SEC may
deny, temporarily or permanently, the privilege of appearing or practicing before it in any way to any person who is found by the Commission ... (i) not to possess the requisite qualifications to represent others, or (ii) to be lacking in character or integrity or to have engaged in unethical or improper professional conduct, or (iii) to have willfully violated, or willfully aided and abetted the violation of any provision of the Federal securities laws (15 U.S.C. § 77a to 80b-20), or the rules and regulations thereunder.
Rule 2(e)(1) of the SEC's Rules of Practice, 17 C.F.R. § 201.2(e)(1) (1991). While this authority certainly is similar to that of a court or agency authorized to discipline lawyers, the primary purpose for its exercise is not to ensure the qualification, supervision or regulation of lawyers.
Accordingly, because the SEC is not an authorized disciplinary agency under rule 3-4.6, we reject the findings and recommendations of the referee and remand for a full evidentiary hearing.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.