Martin H. Schiff, for respondent.

CINCINNATI BAR ASSOCIATION *v.* HEISLER.

[Cite as *Cincinnati Bar Assn. v. Heisler,*
119 Ohio St.3d 573, 2008-Ohio-5221.]

(No. 2008–0816—Submitted June 24, 2008—Decided October 14, 2008.)

_____

**Per Curiam.**

{¶ 1} Respondent, Dwight Daniel Heisler of Bowling Green, Ohio, Attorney Registration No. 0029005, was admitted to the practice of law in Ohio in 1981. On April 16, 2007, we suspended respondent's license to practice on an interim basis upon notice that he was in default of a child-support order. See *In re Heisler,* 113 Ohio St.3d 1455, 2007-Ohio-1751, 864 N.E.2d 643 (*"Heisler I "*). Then, on May 30, 2007, we ordered a six-month suspension of respondent's license, all stayed on conditions, for professional misconduct he committed in affiliating with nonlawyers to sell legal services. *Cincinnati Bar Assn. v. Heisler,* 113 Ohio St.3d 447, 2007-Ohio-2338, 866 N.E.2d 490 (*"Heisler II"*).

{¶ 2} On December 21, 2007, we found respondent in contempt for failing to pay the $1,840.48 in costs ordered in *Heisler I,* and we suspended him from practice until he purged himself of the contempt. See *Cincinnati Bar Assn. v. Heisler,* 116 Ohio St.3d 1448, 2007-Ohio-6842, 878 N.E.2d 27. Then, on January 8, 2008, we lifted the interim child-support suspension upon notice that respondent had cured the default. See *In re Heisler,* 116 Ohio St.3d 1465, 2008-Ohio-18, 878 N.E.2d 1056. Respondent's license remains under suspension, however, for his continuing contempt of court.

{¶ 3} For his default on child support, the Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license for a period of one year but give credit for the time he has already served under the interim and contempt suspensions. We agree that respondent breached ethical duties as found by the board and accept the recommendation to suspend with credit.

{¶ 4} Relator, Cincinnati Bar Association, charged respondent with violations of DR 1–102(A)(6) and newly promulgated Prof.Cond.R. 8.4(h) for failing to comply with his child-support order. Both rules prohibit conduct that adversely reflects on the lawyer's fitness to practice law. A panel of the board heard the case, found the cited misconduct, and recommended the one-year suspension with credit for respondent's prior suspensions. The board adopted the panel's findings of misconduct and recommendation.

{¶ 5} Neither party has objected to the board's report.

## Misconduct

{¶ 6} In January 2006, respondent ended the business relationship that later resulted in the suspension and stay ordered in *Heisler II*. His difficulty in finding other sustained employment caused him to fall behind in his child support, and by September 18, 2006, he owed approximately $3,000 in arrearages. When notified of respondent's default in March 2007, we ordered his interim suspension in *Heisler I*.

{¶ 7} As of the panel hearing in March 2008, respondent was working nights as a security guard. He had cured the child-support default by obtaining a significant adjustment in his monthly support payments and by entering into a payment plan with direct withholding. Respondent has not, however, been able to pay the costs ordered in *Heisler II* to purge his contempt.

{¶ 8} Respondent testified that he did not initially seek an adjustment of his child support, hoping that he could bring himself into compliance with the existing payment schedule without disadvantaging his son. His suspension from practice and the child-support-enforcement agency's suspension of his driver's license, however, complicated his job search. Respondent's need to care for his aged and ailing parents further restricted his employment options.

{¶ 9} In addition, respondent explained how he had mistakenly sent his response to the wrong office when ordered to show cause why he should not be held in contempt. Respondent had also hoped at some point to work out an arrangement allowing him to pay the ordered costs and be reinstated to practice. He conceded at the panel hearing, however, that he had done nothing to accomplish this goal.

{¶ 10} Prof.Cond.R. 8.4(h) superseded DR 1–102(A)(6) on February 1, 2007. Failure to comply with orders for child support prior to that date violated the Disciplinary Rule. Failure to do so after February 1, 2007, violated Prof.Cond.R. 8.4(h).

## Sanction

{¶ 11} Relator recommended a one-year suspension with credit for the interim and child-support suspensions, relying mainly on *Disciplinary Counsel v. Redfield*, 116 Ohio St.3d 262, 2007-Ohio-6039, 878 N.E.2d 10. We find that case instructive. When *Redfield* came before the board, the lawyer's license was under interim suspension for failing to pay child support and also for failing to register as an attorney. The board found that the lawyer had committed further misconduct by abandoning a client's suit in court and then failing to respond to investigative inquiries about her grievance. *Redfield*, 116 Ohio St.3d 262, 2007-Ohio-6039, 878 N.E.2d 10, ¶ 13–18.

{¶ 12} On the board's recommendation and without objection from the parties, we ordered the lawyer in *Redfield* suspended for two years, but we credited him for the more than two years his license had been suspended already, conditioning his reinstatement on payment of his child-support arrearages. We afforded suspension credit because the lawyer had already paid a significant price for his misconduct and was destitute. We saw no value in further impairing his ability to support his children by compounding suspensions when he would not likely be able to qualify for reinstatement soon anyway. *Redfield,* 116 Ohio St.3d 262, 2007-Ohio-6039, 878 N.E.2d 10, ¶ 23–32.

{¶ 13} Respondent has been barred from practice since April 16, 2007, an equally significant price to pay for his default, even considering his prior misconduct. Moreover, he has responsibly cured the default in his child-support obligations. We remain concerned that respondent has yet to pay the costs of the disciplinary proceeding in *Heisler I* ; however, the suspension that continues until he purges his contempt in that case is satisfactory.

{¶ 14} Having found respondent in violation of DR 1–102(A)(6) and Prof. Cond.R. 8.4(h), we suspend respondent from the practice of law in Ohio for one year, but give credit from the time he has been suspended under the interim suspension ordered on April 16, 2007. Respondent's reinstatement is conditioned upon, in addition to all the requirements of Gov.Bar R. V(10)(A), his proof of compliance with our order in *Cincinnati Bar Assn. v. Heisler,* 116 Ohio St.3d 1448, 2007-Ohio-6842, 878 N.E.2d 27. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Robert J. Gehring and Richard L. Creighton, for relator.

Dwight Daniel Heisler, pro se.