DISCIPLINARY COUNSEL *v.* LAPINE.

[Cite as *Disciplinary Counsel v. Lapine*, 128 Ohio St.3d 87, 2010-Ohio-6151.]

*Attorneys — Misconduct — Reciprocal discipline — Suspension order from U.S. Securities and Exchange Commission that prohibits respondent from practicing before it but that reflects no finding or admission of wrongdoing is not a "disciplinary order in another jurisdiction" within the meaning of Gov.Bar R. V(11)(F)(1) — Reciprocal discipline not appropriate — Cause dismissed.*

(No. 2010-1291 — Submitted November 16, 2010 — Decided December 21, 2010.)

ON CERTIFIED ORDER of the United States Securities and Exchange Commission, No. 3-13926.

_____

**O'DONNELL, J.**

**{¶ 1}** This case concerns whether a suspension order entered by the United States Securities and Exchange Commission ("SEC"), in which an attorney licensed in Ohio has voluntarily agreed not to practice before the SEC for five years and which reflects neither an admission of wrongdoing by the attorney nor an affirmative finding of professional misconduct by the SEC, is a disciplinary order by another jurisdiction that requires this court to impose reciprocal discipline pursuant to Gov.Bar R. V(11)(F). Upon review, we conclude that the appropriate disposition is to dismiss this matter without imposing reciprocal discipline.

**{¶ 2}** Respondent, Jay Marc Lapine, Attorney Registration No. 0005051, with a registration address in Duluth, Georgia, was admitted to the practice of law in Ohio in 1979. On July 22, 2010, in accordance with Gov.Bar R. V(11)(F)(1),

relator, Disciplinary Counsel, filed a certified copy of an order of the SEC suspending respondent from appearing or practicing before it as an attorney for a period of five years.

{¶ 3} According to this suspension order, the SEC filed a complaint against respondent in the United States District Court for the Northern District of California in *SEC v. Lapine*, No. C-01-3650, alleging that respondent had participated in a fraudulent scheme to inflate the revenue of a publicly traded company in violation of generally accepted accounting principles by using concealed side letters and back-dated contracts. In particular, the complaint alleged that respondent had falsified documents and circumvented internal accounting controls and that he had aided and abetted his employers in the same violations as well as in their failure to maintain accurate books and records and their filing of materially false reports with the SEC.

{¶ 4} The district court entered a final judgment by consent against respondent (1) permanently enjoining him from violating or aiding and abetting the violation of various sections of the Securities Exchange Act of 1934 and SEC rules, (2) ordering him to pay a civil penalty of $60,000, and (3) prohibiting him from acting as an officer or director of any entity issuing certain types of securities or having a duty to file certain reports with the SEC for five years. The court did not, however, obtain respondent's admission to wrongdoing or make any findings of misconduct.

{¶ 5} Part 201, Title 17, C.F.R. contains the Rules of Practice of the SEC. Section 201.102(e)(3)(i) provides:

{¶ 6} "The Commission, with due regard to the public interest and without preliminary hearing, may, by order, temporarily suspend from appearing or practicing before it any attorney, accountant, engineer, or other professional or expert who has been by name:

**{¶ 7}** "Permanently enjoined by any court of competent jurisdiction, by reason of his or her misconduct in an action brought by the Commission, from violating or aiding and abetting the violation of any provision of the Federal securities laws or of the rules and regulations thereunder."

**{¶ 8}** In its order of suspension, the SEC noted that respondent, in anticipation of additional proceedings against him pursuant to Section 201.102(e)(3)(i)(A), submitted an offer of settlement to the SEC. The SEC accepted the offer and entered an order suspending respondent from appearing or practicing before it as an attorney for a period of five years. However, while respondent consented to the entry of the SEC order, he did not admit that he had engaged in misconduct, nor did the SEC make any affirmative findings of misconduct.

**{¶ 9}** Gov.Bar R. V(11)(F)(4) provides that the court shall impose reciprocal discipline following the issuance of a disciplinary order in another jurisdiction unless the attorney proves by clear and convincing evidence either (1) that there was fraud or a lack of jurisdiction in the other jurisdiction's disciplinary process or (2) that the misconduct established warrants a substantially different discipline in Ohio. Gov.Bar R. V(11)(F)(4)(i) and (ii). "In all other respects, a final adjudication in another jurisdiction that an attorney has been subjected to discipline shall establish conclusively the misconduct for purposes of a disciplinary proceeding in Ohio." Gov.Bar R. V(11)(F)(5).

**{¶ 10}** Upon relator's filing of the SEC suspension order, we ordered respondent to show cause why we should not impose identical or comparable discipline in Ohio. See Gov.Bar R. V(11)(F)(2)(b). After respondent filed a response to the show-cause order and relator filed a reply, we directed the parties to file briefs addressing three issues: (1) whether the Supreme Court Rules for the Government of the Bar of Ohio require that "another jurisdiction" imposing discipline upon an attorney make affirmative findings of misconduct, comparable

to those required by Gov.Bar R. V(6)(J) and V(11)(A)(3)(c), before reciprocal discipline may be imposed pursuant to Gov.Bar R. V(11)(F), (2) whether the SEC is a "jurisdiction" within the meaning of Gov.Bar R. V(11)(F) for purposes of imposing reciprocal discipline, and (3) whether the respondent has been disciplined by the SEC as a reciprocal authority such that this court should impose reciprocal discipline pursuant to Gov.Bar R. V(11)(F). See *Disciplinary Counsel v. Lapine*, 126 Ohio St.3d 1588, 2010-Ohio-4639, 934 N.E.2d 358.

{¶ 11} The parties dispute whether the SEC is a "jurisdiction" for purposes of Gov.Bar R. V(11)(F), and we have not before specifically addressed this question with respect to the SEC. However, we have previously recognized that a federal agency may be considered a jurisdiction for purposes of this rule.

{¶ 12} In *Disciplinary Counsel v. Rayve*, 121 Ohio St.3d 1212, 2009-Ohio-844, 901 N.E.2d 1292, *Disciplinary Counsel v. Knuth*, 119 Ohio St.3d 1201, 2008-Ohio-3810, 891 N.E.2d 343, and *Disciplinary Counsel v. Colitz*, 99 Ohio St.3d 1216, 2003-Ohio-3308, 790 N.E.2d 788, we imposed reciprocal discipline on attorneys suspended from practice before the United States Patent and Trademark Office ("USPTO").

{¶ 13} While we did not provide our reasoning for recognizing that the USPTO is a jurisdiction for purposes of Gov.Bar R. V(11)(F), it is notable that only those practitioners who are registered with the USPTO Office of Enrollment and Discipline or who are given limited recognition pursuant to agency regulations may represent others before the USPTO. Section 11.10(a), Title 37, C.F.R. Applicants for admission to practice before the USPTO are required to pass a registration exam administered by the Office of Enrollment and Discipline, except in limited circumstances when a waiver applies. Section 11.7(b)(1)(ii), Title 37, C.F.R. Further, Section 11.19(a), Title 37, C.F.R. provides that all practitioners are subject to the disciplinary jurisdiction of the USPTO, and Section 11.19(b)(1)(iv) states that practitioners may be disciplined for violations of the

4

Mandatory Disciplinary Rules of the USPTO identified in Section 10.20, Title 37, C.F.R. The Office of Enrollment and Discipline has authority to investigate misconduct, Section 11.22(a), and may initiate disciplinary proceedings against a practitioner, Section 11.32, in which any violation of the disciplinary rules must be proven by clear and convincing evidence. Section 11.49.

{¶ 14} By comparison, the SEC regulations do not limit appearance and practice before the SEC in a representational capacity to registered practitioners. Not only do the rules of practice allow a person to be represented by any attorney admitted to practice before the Supreme Court of the United States or the highest court of a state, but they also allow a partner to represent a partnership, an officer to represent a corporation, trust, or association, and an officer or employee to represent a state commission, department, or political subdivision. Section 201.102(b), Title 17, C.F.R.

{¶ 15} Thus, rather than imposing admission requirements, the SEC affords the privilege of appearing in a representative capacity to broad categories of individuals, with that privilege subject to subsequent suspension on the SEC's finding of a lack of qualification to represent others, a lack of character or integrity, unprofessional conduct, or a violation of federal securities law. Section 201.102(e)(1)(ii) through (iii). Notably, the SEC Rules of Practice do not set forth or incorporate by reference any rules of professional conduct or provide for disciplinary hearings in which misconduct must be proven by clear and convincing evidence.

{¶ 16} Moreover, the definition of "practice" provided in the SEC Rules of Practice encompasses more than the practice of law and includes:

{¶ 17} "(1) Transacting any business with the [SEC]; and

{¶ 18} "(2) The preparation of any statement, opinion or other paper *by any attorney, accountant, engineer or other professional or expert*, filed with the [SEC] in any registration statement, notification, application, report or other

document with the consent of such attorney, accountant, engineer or other professional or expert." (Emphasis added.) Section 201.102(f), Title 17, C.F.R.

{¶ 19} Notably, the Supreme Court of Florida, the only court to consider whether the SEC is a jurisdiction for purposes of imposing reciprocal discipline, held that an SEC suspension order is not a final adjudication in a disciplinary proceeding by a court or other authorized disciplinary agency of another jurisdiction within the meaning of Florida's reciprocal-discipline provisions. *Florida Bar v. Tepps* (Fla.1992), 601 So.2d 1174. While the court noted that the SEC has authority to temporarily or permanently deny any person the privilege of appearing or practicing before it, the primary purpose of this authority "is not to ensure the qualification, supervision or regulation of lawyers." Id. at 1175. Cf. *Stanley v. Ligon* (2008), 374 Ark. 6, 11, 285 S.W.3d 649, fn. 4 ("While the [Social Security Administration] and [the Department of Veteran's Affairs] are administrative agencies with authority to regulate who represents claimants before them, they are not regulating the practice of law when so doing. * * * Thus, when the SSA suspended Stanley from representing claimants for five years, that did not amount to a suspension from the practice of law [for purposes of reciprocal discipline]").

{¶ 20} Because the SEC does not admit or supervise attorneys or specifically regulate the practice of law, it should not be considered a jurisdiction for purposes of imposing reciprocal discipline on an attorney admitted to practice in Ohio.

{¶ 21} Even if we were to consider the SEC a jurisdiction for purposes of reciprocal discipline, this matter should nonetheless be dismissed because as relator concedes, the SEC suspension order is not the result of a disciplinary proceeding and is therefore not a "disciplinary order" within the meaning of Gov.Bar R. V(11)(F)(1).

**{¶ 22}** The Supreme Court Rules for the Government of the Bar generally contemplate that an attorney will either admit a disciplinary violation or be found by clear and convincing evidence to be guilty of professional misconduct before discipline is imposed. See Gov.Bar R. V(11)(A)(3)(c) and V(6)(J). This policy accords with the principle that an attorney's license to practice law may not be arbitrarily revoked and that an attorney is entitled to procedural due process in a disciplinary proceeding. See, e.g., *In re Ruffalo* (1968), 390 U.S. 544, 550-551, 88 S.Ct. 1222, 20 L.Ed.2d 117; *Konigsberg v. State Bar of California* (1957), 353 U.S. 252, 262, 77 S.Ct. 722, 1 L.Ed.2d 810.

**{¶ 23}** However, for purposes of imposing reciprocal discipline, a final adjudication in another jurisdiction that an attorney has been subjected to discipline conclusively establishes the misconduct for purposes of a disciplinary proceeding in Ohio, Gov.Bar. R. V(11)(F)(5), unless the attorney demonstrates fraud or a lack of jurisdiction in the other jurisdiction's disciplinary process, Gov.Bar R. V(11)(F)(4)(a)(i).

**{¶ 24}** The purpose of reciprocal discipline is to prevent relitigation of misconduct that has already been established in another jurisdiction and to protect the public from lawyers who commit such misconduct. Official Comment 1, Prof.Cond.R. 8.5; see also *People v. Bode* (Colo.O.P.D.J.2005), 119 P.3d 1098, 1100 (the purpose of reciprocal discipline is "to enhance public confidence in the profession by preventing lawyers admitted to practice in more than one jurisdiction from avoiding the effect of discipline by simply practicing in another jurisdiction"). That purpose is not served, however, if the other jurisdiction has not actually established the underlying misconduct.

**{¶ 25}** Here, respondent entered into a settlement agreement with the SEC, but he did not admit violating any law or committing any professional misconduct, and the SEC did not make an affirmative finding of misconduct based on clear and convincing evidence. Respondent therefore has not been

disciplined by the SEC for professional misconduct as an attorney, but rather has voluntarily agreed not to practice before the SEC in order to settle a dispute with that agency. The suspension order thus cannot serve as a basis for imposing reciprocal discipline.

{¶ 26} For these reasons, the SEC is not a "jurisdiction" for purposes of reciprocal discipline, it did not issue a disciplinary order within the meaning of Gov.Bar R. V(11)(F), and reciprocal discipline is not available in this case. Accordingly, the appropriate disposition is to dismiss this matter without imposing reciprocal discipline.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Carpenter, Lipps & Leland, L.L.P., Jeffery A. Lipps, and David J. Leland, for respondent.

_____