722 S.E.2d 520

**In the Matter of John Barry KERN, Respondent.**

**No. 27088.**

Supreme Court of South Carolina.

Submitted Dec. 30, 2011.
Decided Feb. 1, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Fleet Freeman, of Law Offices of Fleet Freeman, LLC, of Mount Pleasant, for respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or definite suspension not to exceed ninety (90) days. He requests that any suspension be imposed retroactively to the date of his interim suspension, August 8, 2011. *In the Matter of Kern*, 393 S.C. 636, 714 S.E.2d 288 (2011). Respondent further agrees to pay the costs incurred in the investigation and prosecution of this matter within thirty (30) days of imposition of discipline and to complete the Legal Ethics and Practice Program Trust Account School within twelve (12) months of his reinstatement. We accept the Agreement and definitely suspend respondent from the practice of law in this state for ninety (90) days, retroactive to the date of his interim suspension. Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the date of this order and shall complete the Legal Ethics and Practice Program Trust Account School within twelve (12) months of the date of his reinstatement. The facts, as set forth in the Agreement, are as follows.

## FACTS

By letter dated April 27, 2011, ODC notified respondent of its investigation and requested a written response within fifteen days. Respondent contacted ODC and requested a thirty day extension. The extension was granted.

ODC received no written response. On June 21, 2011, ODC sent respondent a letter reminding him of its investigation and his duty to response pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982). The letter was sent via certified mail and ODC received a return receipt indicating the item had been delivered.

When respondent did not respond to the June 21, 2011, letter, ODC served respondent with a Notice to Appear dated July 13, 2011, via certified mail. Respondent failed to appear on August 3, 2011, as required by the Notice to Appear.

Based on respondent's failure to provide a written response to the investigation and to appear as required, ODC filed a Petition for Interim Suspension. The Court suspended respondent on August 8, 2011. *In the Matter of Kern, supra.*

The underlying complainant against respondent involved an allegation that unearned legal fees had not been retained in a trust account until the fees had been earned. Specifically, respondent was retained by a client in July 2008 and was paid a $20,000 retainer which respondent was to deposit in his trust account. Instead of depositing the retainer in his trust account, respondent deposited the retainer in his operating account.

After discovering the retainer had been deposited in his operating account rather than his trust account, respondent did not correct the error. Respondent admits he knowingly allowed the commingling of trust account funds with his own personal funds.

Respondent also admits he failed to submit a statement to his client indicating how much of the retainer had been earned. Eventually, the client filed a fee dispute with the Resolution of Fee Disputes Board. Respondent has now repaid the client in full.

 

During the investigation, ODC examined respondent's trust account records. No evidence of misappropriation was discovered.

## *LAW*

■ Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15(a) (lawyer shall hold property of client in lawyer's possession in connection with a representation separate from the lawyer's own property); Rule 1.15(c) (lawyer shall deposit into client trust account unearned legal fees that have been paid in advance to be withdrawn by the lawyer only as fees are earned); and Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority). In addition, respondent admits he did not comply with the provisions of Rule 417, SCACR. Respondent further admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## *CONCLUSION*

■ We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for ninety (90) days, retroactive to the date of his interim suspension. Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this order and shall complete the Legal Ethics and Practice Program Trust Account School within twelve (12) months of the date of his reinstatement. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court

showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.