# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of John B. Kern, Respondent.

Appellate Case No. 2017-002083

Opinion No. 27820
Heard April 19, 2018 – Filed June 27, 2018

## DEFINITE SUSPENSION

John S. Nichols, Disciplinary Counsel, and Joseph P. Turner, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

John B. Kern, of Charleston, *pro se*.

**PER CURIAM:** In this attorney disciplinary matter, a hearing panel of the Commission on Lawyer Conduct (the Panel) issued a report recommending Respondent John B. Kern be definitely suspended from the practice of law for three years, that he be ordered to pay the costs of disciplinary proceedings, and that he be required to complete the Legal Ethics and Practice Program Ethics School (LEAPPS) as a condition of reinstatement to the practice of law. Neither the Office of Disciplinary Counsel (ODC) nor Kern took exception to the Panel's report. For the reasons stated below, we find the appropriate sanction is an eighteen-month definite suspension and the payment of costs of the disciplinary proceedings.[1]

## FACTS AND PROCEDURAL HISTORY

---

[1] This Court placed Kern on Interim Suspension in an unrelated matter on May 24, 2018. *See In re John B. Kern*, S.C. Sup. Ct. Order dated May 24, 2018 (Shearouse Adv. Sh. No. 22 at 66).

The charges against Kern arise from Securities and Exchange Commission (SEC) proceedings initiated against Kern and others following an SEC investigation of a fraudulent investment scheme perpetrated by Craig Berkman. Berkman fraudulently raised around $13.2 million from approximately 120 investors by selling membership interests in limited liability companies (LLCs) that he controlled. Unfortunately for these investors, Berkman was subject to a $28 million judgment in Oregon—in connection with another fraudulent investment scheme— and was also facing bankruptcy in Florida. Berkman began to use some of the funds from his new ventures to pay his bankruptcy obligations in Florida. Kern helped form and served as general counsel for Ventures Trust II LLC (Ventures II) and Face-Off Acquisitions, LLC, two of the LLCs Berkman used to carry out his crimes. Berkman pled guilty to criminal conduct in a criminal action parallel to the SEC's administrative proceeding.

On February 4, 2014, Kern signed an offer of settlement in connection with SEC administrative proceedings pursuant to Rule 240(a) of the Rules of Practice of the SEC.[2] On March 7, 2014, Kern consented to the entry by the SEC of an order imposing sanctions against him pursuant to section 4C of the Securities and Exchange Act of 1934,[3] and Rule 102(e) of the Rules of Practice of the SEC.[4] The pertinent findings and conclusions in the order were: (1) Kern willfully aided and abetted the fraudulent conduct of Berkman in violation of federal securities law; (2) with Kern's consent, the SEC ordered Kern to disgorge his fees totaling $234,577 and imposed a fine of $100,000; (3) Kern is barred from associating with brokers, investment advisors, and others and from being employed in connection with investment companies or underwriters or others; and (4) Kern consented to being denied the privilege of practicing law before the SEC.

ODC filed formal charges against Kern on February 16, 2016. Kern was largely dilatory during the pre-hearing stage of these proceedings. The Panel allowed Kern until May 1, 2016, to answer the charges. He answered the formal charges on May 9, 2016, but failed to timely comply with the initial disclosure requirements imposed by Rule 25(a) (Discovery—Initial Disclosure), RLDE, Rule 413, SCACR. On September 23, 2016, the Panel ordered Kern to comply with Rule

---

[2] 17 C.F.R. § 201.240(a) (2018).

[3] 15 U.S.C. § 78d-3 (2012).

[4] 17 C.F.R. § 201.102(e) (2018).

25(a) within 10 days of the order. On December 9, 2016, the Panel issued a second order directing Kern to comply with Rule 25(a). Kern finally provided ODC with the Rule 25(a) materials in December 2016, after the Panel's second order to comply with Rule 25(a) and approximately six months after the materials were due.

A hearing was held before the Panel on July 6 and 7, 2017, and the Panel filed its Panel Report on October 4, 2017. The Panel concluded the SEC is "another jurisdiction" under Rule 29(e) (Conclusiveness of Adjudication in Other Jurisdictions), RLDE, Rule 413, SCACR. As a result, the Panel adopted the findings of fact and the findings of misconduct set forth in the above-referenced order issued by the SEC. ODC and Kern were served with a copy of the Panel Report and were advised to refer to Rule 27(a) (Briefs of Disciplinary Counsel and Respondent), RLDE, Rule 413, SCACR, for procedures concerning briefing and taking exception to the Panel Report. Neither ODC nor Kern filed briefs with this Court.

## DISCUSSION

We "may accept, reject, or modify in whole or in part the findings, conclusions and recommendations of the Commission [on Lawyer Conduct]." Rule 27(e)(2), RLDE, Rule 413, SCACR. "This Court is not bound by [the Panel's] recommendation; rather, after a thorough review of the record, this Court may impose the sanction it deems appropriate." *In re McFarland*, 360 S.C. 101, 105, 600 S.E.2d 537, 539 (2004). Additionally, "[T]his Court may make its own findings of fact and conclusions of law." *In re Marshall*, 331 S.C. 514, 519, 498 S.E.2d 869, 871 (1998).

As mentioned above, pursuant to Rule 29(e), RLDE, Rule 413, SCACR, the Panel adopted the findings of fact and findings of misconduct set forth in the SEC's order. Rule 29(e) provides in pertinent part, "[A] final adjudication in another jurisdiction that a lawyer has been guilty of misconduct . . . shall establish conclusively the misconduct . . . for purposes of a disciplinary . . . proceeding in this state." Rule 29(e), RLDE, Rule 413, SCACR. We have never addressed whether the SEC is "another jurisdiction" under Rule 29(e) for purposes of imposing reciprocal discipline. However, at least two of our sister states have addressed the issue and concluded that the SEC is not a "jurisdiction" for purposes of reciprocal discipline. *See Florida Bar v. Tepps*, 601 So.2d 1174, 1175 (Fla. 1992); *see also Disciplinary Counsel v. Lapine*, 942 N.E.2d 328, 332 (Ohio 2010). At oral argument, ODC conceded it no longer believed the SEC to be "another jurisdiction"

under Rule 29(e), but ODC argued the record contained evidence of Kern's culpable conduct warranting discipline.

We find the SEC is not a jurisdiction for purposes of reciprocal discipline. We also find that because Kern failed to take exception to the Panel Report, the Panel's findings that Kern committed misconduct are deemed admitted pursuant to Rule 27(a), RLDE, Rule 413, SCACR. Rule 27(a) provides in pertinent part, "The failure of a party to file a brief taking exceptions to the [Panel Report] constitutes acceptance of the findings of fact, conclusions of law, and recommendations." Rule 27(a), RLDE, Rule 413, SCACR. As noted above, Kern did not file a brief taking exceptions to the Panel Report. Kern's failure to adhere to Rule 27 is consistent with his conduct throughout these disciplinary proceedings.

Even absent Kern's admission of misconduct pursuant to Rule 27(a), the record contains ample evidence that Kern committed professional misconduct by providing false information in statements to others. First, Kern made misrepresentations to the attorney representing Berkman in Berkman's Florida bankruptcy proceedings. In May 2011, Kern was contacted by Berkman's bankruptcy attorney. Berkman's bankruptcy attorney voiced concerns to Kern about the origin of the funds Berkman was planning to use to settle his bankruptcy proceedings. Kern assured Berkman's bankruptcy attorney that none of the funds used to settle any of the fees resulting from Berkman's bankruptcy litigation were derived from investors in Ventures II. This information was false. By May 2011, approximately $525,000 had been transferred from a bank account held by Ventures II to pay claims owed by Berkman in his bankruptcy litigation.

Second, on August 1, 2012, Kern issued a memorandum to the investors in Ventures II. In this memorandum, Kern assured the investors that their funds were secure and that their investments were not part of a Ponzi scheme orchestrated by Berkman. This information was false. Of the approximate $13.2 million in investor funds, only $600,000 was invested in the ventures in which the investors intended to invest. Berkman personally transferred approximately $5.1 million from the Ventures II account to his personal account to pay his judgment creditors in the Florida bankruptcy proceedings. Berkman also used approximately $1 million, drawn directly from the Ventures II accounts, in the form of large cash withdrawals, to pay legal fees and other personal expenses.

Kern's primary defense before the Panel and at oral argument was that he was totally unaware of Berkman's malfeasance and that as soon as he became aware, he

resigned as general counsel for the investment entities and encouraged a principal in the companies to act as a whistleblower to the SEC. Kern's professed ignorance of Berkman's malfeasance does not save him. At the Panel hearing, Professor John Freeman was qualified as an expert in the field of securities regulation and testified as to a lawyer's duties and obligations when acting as general counsel for a private securities company. Professor Freeman explained that when a company makes representations to investors as to how their money is to be invested, general counsel is obligated to exercise due diligence to ensure the money is invested for the represented purposes. We conclude Kern acted recklessly in making the foregoing assurances to Berkman's bankruptcy attorney and to the Ventures II investors and that Kern failed to exercise the required diligence to ensure investors' money was invested for the purposes represented to them. *See In re Dobson*, 310 S.C. 422, 427, 427 S.E.2d 166, 168 (1993) ("This Court will not countenance the conscious avoidance of one's ethical duties as an attorney."); *In re Solomon*, 307 S.C. 1, 5, 413 S.E.2d 808, 810 (1992) ("This Court will not tolerate an attorney's deliberate avoidance of his ethical responsibilities.").

Because we find Kern has committed misconduct, we must determine the appropriate sanction to impose upon Kern. Kern has a history of misconduct in South Carolina. This Court suspended Kern for ninety days on February 1, 2012, for the commingling of trust account funds with personal funds and for failing to cooperate with ODC. *In re Kern*, 396 S.C. 496, 499-500, 722 S.E.2d 520, 521 (2012).

Also, Kern has made no effort to repay any of the funds he was ordered to repay by the SEC. Kern was ordered by the SEC to disgorge $234,577 in fees, plus prejudgment interest, and to pay a civil penalty of $100,000. Kern consented to this sanction, and while Kern represented at oral argument that he could not afford to pay these obligations, he has paid nothing since the SEC order was issued more than three years ago.

Kern did not cooperate in discovery as mandated by Rule 25, RLDE, Rule 413, SCACR. Rule 25 provides the parties are required to exchange certain information within twenty days of filing an answer to the Formal Charges. As noted above, Kern filed his answer on May 9, 2016; however, Kern did not provide discovery to ODC until December 2016, approximately seven months after filing his answer, and only after the Panel Chair issued two orders directing him to comply with the rule. Also, after the Panel hearing, the Commission thrice requested Kern to redact personal information from his exhibits pursuant to this Court's order dated

April 15, 2014. *See Re: Revised Order Concerning Personal Identifying Information and Other Sensitive Information in Appellate Court Filings*, S.C. Sup. Ct. Order dated Apr. 15, 2014 (Shearouse Adv. Sh. No. 15 at 34) (providing "parties shall not include, or will partially redact where inclusion is necessary, personal identifying information from documents filed with the appellate court"). After Kern did not respond to letters dated May 12, 2017, July 27, 2017, and August 31, 2017, a Commission staff member spent 3.25 hours redacting Kern's 46 exhibits.

Kern argued to this Court that he had no dishonest or selfish motive, did not profit from his misconduct, and showed remorse for the harm caused to the investors. *See In re Atwater*, 397 S.C. 518, 530, 725 S.E.2d 686, 693 (2012) (stating a respondent's lack of personal gain and dishonest motive is a relevant mitigation factor); *In re Glover*, 333 S.C. 423, 426, 510 S.E.2d 419, 421 (1998) (stating a respondent's remorse is a relevant mitigating factor to be considered in determining the appropriate sanction). We take these representations into account in determining the appropriate sanction to impose.

We find Kern has committed misconduct in violation of the following Rules of Professional Conduct, Rule 407, SCACR: 4.1 (truthfulness in statements to others); 8.4(d) (conduct involving dishonesty, fraud, deceit or misrepresentation); and 8.4(e) (conduct prejudicial to the administration of justice). We therefore conclude Kern is subject to discipline pursuant to Rule 7(a)(1) (violating the Rules of Professional Conduct), RLDE, Rule 413, SCACR.

## CONCLUSION

We find the SEC is not "another jurisdiction" for the purposes of imposing reciprocal discipline pursuant Rule 29 (Reciprocal Discipline), RLDE, Rule 413, SCACR. We find Kern committed professional misconduct by recklessly providing false information to the investors and to Berkman's bankruptcy attorney. We find the appropriate sanction for Kern's misconduct is an eighteen-month definite suspension, and we order Kern to pay the costs of the disciplinary proceedings within thirty days of the date of this opinion.[5] Within fifteen days of the date of this opinion,

---

[5] The Panel also recommends that Kern be required to complete the Legal Ethics and Practice Program Ethics School as a condition of reinstatement. Since the completion of this program is required for reinstatement by Rule 33(f), RLDE, Rule 413, SCACR, it is unnecessary for any action to be taken on this recommendation.

Kern shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**